Sarah Mohamed **MOHAMUD**,
Petitioner,

v.

Alberto **GONZALES**, Attorney
General, Respondent.

No. 02–73671.
Agency No. A78–650–580.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided Feb. 17, 2005.

Before THOMAS, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM**

Petitioner Sarah Mohamed Mohamud, a native and citizen of Somalia, petitions for

---

\*\* The panel unanimously finds this case suitable for decision without oral argument.

review of the Board of Immigration Appeals' (BIA) summary affirmance of an immigration judge's (IJ) denial of her application for asylum. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional claims de novo, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and we dismiss in part, and deny in part, the petition for review.

■ We lack jurisdiction to review the IJ's determination that Petitioner did not timely file her asylum application pursuant to 8 U.S.C. § 1158(a)(2)(B). *Hakeem v. INS*, 273 F.3d 812, 815–16 (9th Cir.2001). This was the only ground for the IJ's decision, and Petitioner raised no new arguments in her appeal to the BIA. Therefore, we also lack jurisdiction to evaluate the BIA's decision to streamline its review of the IJ's determination. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir.2003) ("To assess whether streamlining was appropriate, we would necessarily be engaged in a merits analysis of the [ ] claim. Because we lack jurisdiction to review the merits ... we are also without jurisdiction to evaluate whether steamlining was appropriate." (footnote omitted)).

■ Although we retain jurisdiction to consider constitutional claims, Petitioner's contention that the IJ's interpretation of the "clear and convincing" evidence standard denied her due process is unpersuasive. Petitioner was not denied due process because the IJ's interpretation fell within the "broad range authorized by statute." *Cf. Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir.2003) (holding that the BIA's interpretation of the "exceptional and extremely unusual hardship" standard did not violate due process because it fell within the broad range authorized by statute). Because we find

no due process violation in the IJ's interpretation of the "clear and convincing" evidence standard, we need not separately address Petitioner's regulatory challenge to the BIA's summary affirmance procedure. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078 (9th Cir.2004) (holding that review of the BIA's decision to streamline a claim was unnecessary and duplicative where the court had jurisdiction to review, and did review, the merits of the claim).

Finally, Petitioner's contention that the BIA's summary affirmance procedure denied her due process is foreclosed by *Falcon Carriche*, 350 F.3d at 852.

Respondent's motion for summary affirmance is denied as moot.

Petition for review DISMISSED in part and DENIED in part.

